## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **JACQUELINE KOVACS,** on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. ) ) JUDGE |
| v. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| **G4S SECURE SOLUTIONS (USA) INC.** | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) ) |

Plaintiff Jacqueline Kovacs ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against G4S Secure Solutions (USA), Inc. ("Defendant") and alleges as follows:

### NATURE OF THE CASE

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Colorado Wage Act ("CWA"), C.R.S. 8-4-101, et seq., and Colorado Overtime and Minimum Pay Standards Order #36 ("COMPS"), 7 C.C.R. 1103-1.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons as defined herein who may join this case pursuant to §216(b) (the "FLSA Collective Class").

3.      Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the CWA and COMPS on behalf of herself and all other similarly situated workers (the "State Law Class") as defined herein.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

6.      The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7.      Plaintiff is an adult individual residing in Colorado Springs, Colorado.

8.      Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9.      At all relevant times, Plaintiff was an employee within the meaning of the FLSA, CWA and COMPS.

10.     Defendant G4S Secure Solutions (USA) Inc. is a for-profit foreign corporation organized under the laws of the State of Florida. Defendant can be served through its statutory agent: Prentice Hall Corp System, 1900 W. Littleton Boulevard, Littleton, CO 80120.

11.     At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and C.R.S. § 8-4-101(6).

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207, and an employee within the meaning of C.R.S. § 8-4-101(5).

14. Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

15. Defendant is a nation-wide security services company. In connection with its business services, it offers security guard services for its customers nationally.

16. Plaintiff was employed by Defendant in Colorado Springs within the three years preceding the filing of this Complaint.

17. Plaintiff provided security guard services for Defendant at an SAP America location in Colorado Springs. SAP America is one of Defendant's many customers in Colorado.

18. Defendant paid Plaintiff on an hourly basis and classified her as a non-exempt employee for purposes of the FLSA and state law.

19. Plaintiff performed shift work as a security guard, such shift generally being 8 hours per day and at least five days per week in a typical workweek. Plaintiff replaced an employee security guard of Defendant for her shift and was then herself replaced by another employee security guard for the next shift.

20. Defendant paid Plaintiff for only the hours of her shift. However, Defendant expected Plaintiff to have relieved the prior shift security guard, take possession of equipment needed to do the job from that other security guard (such as keys, radios, etc.), and be briefed on any required information relative to the customer's place of business prior to her shift. To perform

these tasks, Plaintiff had to arrive and begin work before the scheduled start of her shift to perform hand-off work with the security guard she was replacing.

21. Obtaining equipment and information from the security guard Plaintiff was replacing was work that was integral and indispensable to the performance of Plaintiff's primary job duties and principal activities. Obtaining keys, radios, and briefing data on events that occurred or were expected to occur at the SAP America location where Plaintiff worked were necessary for Plaintiff to perform her principal activities and primary job duties as a security guard at Defendant's customer's place of business and took many minutes to perform.

22. Plaintiff was not compensated for the time she spent obtaining keys, radios, and briefing data on events that occurred or were expected to occur at the SAP America location. The same is true for other security guards of Defendant working shifts, such as the security guards who took the shift following Plaintiff's shift and so forth.

23. The FLSA Collective Class and State Law Class are all current and/or former hourly, non-exempt security guard employees of Defendant who, like Plaintiff, are not/were not paid one and one-half times their respective regular rates of pay for all hours worked over 40 during each workweek within the three years preceding the filing of this Complaint.

24. As a result of Plaintiff and other similarly situated employees not being paid for this shift change work, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

25. Defendant knew and/or had reason to believe that Plaintiff and other hourly non-exempt security guards were performing uncompensated shift change work. Defendant knew and/or had reason to believe that it would take time for security guards to exchange equipment

needed to do their jobs and duties and brief the replacement shift on security and other relevant data that occurred or was expected to occur at Defendant's customer's place of business.

26. As Plaintiff and the other hourly paid security guards were typically scheduled to work no less than 40 hours per seven day workweek, Defendant knew or had reason to believe that Plaintiff and other hourly paid security guards were working unpaid overtime for which they were not being compensated as required by the FLSA.

27. Accordingly, Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA, CWA, and COMPS.

28. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees.

29. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was approximately ten to fifteen minutes or more each day. This resulted in approximately 50 to 75 minutes or more of unpaid overtime per class member, per week.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

31. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current hourly full-time non-exempt security guards employed by Defendant in Colorado who reported to work prior to the start of their scheduled shift to receive a briefing and/or obtain equipment from the security guard whose shift was ending, but were not paid for that time within the three (3) years preceding the date of the filing of this Action to the present.**

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

33. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff also brings this action against Defendant for violation of Colorado state law pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of similarly situated employees, defined as:

> **All former and current hourly full-time non-exempt security guards employed by Defendant in Colorado who reported to work prior to the start of their scheduled shift to receive a briefing and/or obtain equipment from the security guard whose shift was ending, but were not paid for that time within the three (3) years preceding the date of the filing of this Action to the present.**

35. The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential class but, upon information and belief, avers that it consists of at least several hundred persons.

36. There are questions of law or fact common to the State Law Class including: whether Defendant failed to pay its employees for receiving briefings and/or equipment prior to the start of

their shift, and Defendant's actions or inaction resulted in the underpayment of overtime to the State Law Class.

37. Plaintiff will adequately protect the interests of the State Law Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the State Law Class members.

38. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

39. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practice and policy, as described herein, of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-

half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

43. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

44. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Colorado State Law Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendant's practice and policy, as described herein, of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the CWA, C.R.S. 8-4-101, et seq., and COMPS, 7 C.C.R. 1103-1.

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the CWA and COMPS.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the CWA and COMPS.

50. As a result of Defendant's practices, Plaintiff and other similarly situated State Law Class members have been damaged in that they have not received wages due to them pursuant to Colorado's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the State Law Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar #0076017)
Shannon M. Draher (OH Bar #0074304)
NILGES DRAHER LLC
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email:  hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

Jeffrey J. Moyle (OH Bar #0084854)
NILGES DRAHER LLC
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone:	(234) 401-9286
Email:	jmoyle@ohlaborlaw.com

Allen R. Vaught (TX Bar # 24004966)
NILGES DRAHER VAUGHT PLLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
Telephone:	(214) 251-4157
Facsimile:	(214) 261-5159
Email:  avaught@txlaborlaw.com

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Hans A. Nilges*
Hans A. Nilges
ATTORNEY FOR PLAINTIFF