# Exhibit 2

## Settlement Agreement

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **JACQUELINE KOVACS,** on behalf of herself and all others similarly situated<br><br>   Plaintiff,<br><br>v.<br><br>**G4S SECURE SOLUTIONS (USA), INC.**<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) **Case No. 1:20-cv-03180-RMR-MDB**<br>)<br>)<br>)<br>) |

## JOINT STIPULATION OF COLLECTIVE/CLASS ACTION SETTLEMENT AND RELEASE

This Joint Stipulation of Collective/Class Action Settlement and Release ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiff Jacqueline Kovacs ("Named Plaintiff" or "Class Representative"), as an individual and on behalf of all others similarly situated, Allan Zink, Trevor Patzkowsky, and Joey Maes, and Defendant G4S Secure Solutions (USA) Inc. ("Defendant") (Defendant, collectively with Named Plaintiff, the "Parties").

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective:

1. "Action" means the action entitled *Jacqueline Kovacs v. G4S Secure Solutions (USA) Inc.*, Case No. 20-cv-03180 (D. Colorado).

2. "Named Plaintiff" means Jacqueline Kovacs.

3. "Settlement Class Members" means the Named Plaintiff, Allan Zink, Trevor Patzkowsky, Joey Maes, and all Colorado hourly non-exempt security professionals and related positions, including but not limited to: Custom Protection Officers; Upscale Security Officers; Uniform Security Officers; Bank Protection Officers; Critical Facility Officers; Detention Officers; Border Patrols; Flex Officers; Multi-Site Officers; Emergency Medical Technicians; Firefighters; Nuclear Security Officers; and any and all hourly, non-exempt

Supervisors/Managers/Leads of Defendant employed from February 19, 2019, through the date of the Preliminary Approval Order defined in Paragraph 26, and who have not affirmatively opted out of this settlement. The Class Members consist of the 1,933 individuals identified by Defendant as putative class members on February 1, 2022.

4. "Participating Settlement Class Members" means every Settlement Class Member that does not opt out of the Settlement.

5. "Zink" means Settlement Class Member Allan Zink.

6. "Patzkowsky" means Settlement Class Member Trevor Patzkowsky.

7. "Maes" means Settlement Class member Joey Maes.

8. "Class Representatives" means Kovacs, Zink, Patzkowsky, and Maes, collectively.

9. "Plaintiffs" means Named Plaintiff and the Settlement Class Members, collectively.

10. "Class Counsel" means Nilges Draher LLC, counsel for Plaintiffs.

11. "Defendant" means G4S Secure Solutions (USA) Inc.

12. "Defendant's Counsel" means Martenson, Hasbrouck & Simon, LLP.

13. "Parties" means Plaintiffs and Defendant, collectively.

14. "Attorneys' Fees and Costs" means attorneys' fees agreed upon by the Parties and approved by this Court for Class Counsel's litigation and resolution of the Action, and all out-of-pocket costs incurred and to be incurred by Class Counsel in the Action, including but not limited to costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court order, securing the Court's approval of the Settlement and dismissal of the Action with prejudice. Class Counsel will request attorneys' fees and costs not in excess of Two Hundred Seventy-Seven Thousand Nine Hundred Fifteen Dollars and Thirty-Eight Cents ($277,915.38), representing Two Hundred Fifty Thousand Dollars and No Cents ($250,000.00) for attorneys' fees and Twenty-Seven Thousand Nine Hundred Fifteen Dollars and Thirty-Eight Cents ($27,915.38) for costs. Defendant has agreed not to oppose Class Counsel's request for fees and costs as set out above.

15. "Settlement Class List" means a complete list of all Settlement Class Members that Defendant will diligently, promptly, and in good faith compile from its records and information provided by Class Counsel, then provide to the Settlement Administrator. The Class List will be formatted in Microsoft Office Excel and will include each Settlement Class Member's full name; most recent mailing address and telephone number; Social Security Number; dates of employment; the respective number of Workweeks that each Settlement Class Member worked during the Class Period; and any other relevant information needed to calculate settlement payments.

16. "Class Period" means the period from February 18, 2019, through the date of the Confirmation Order.

17. "Class Representative Enhancement Payments" means the amounts to be paid to Named Plaintiff and the Class Representatives in recognition of their efforts in prosecuting the Action on behalf of Class Members. Plaintiff will request Court approval of a Class Representative Enhancement Payment of Seven Thousand Five Hundred Dollars ($7,500.00) for Named Plaintiff, a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Zink, a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Patzkowsky, and a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Maes.

18. "Confirmation Order" means the order entered by the Court confirming the settlement and dismissing the FLSA and Colorado state law claims of the Settlement Class with prejudice.

19. "Court" means the United States District Court, District of Colorado.

20. "Effective Date" means the date the Court enters a Confirmation Order approving this settlement.

21. "Funding Date" means forty-five (45) days after the date of entry of the Confirmation Order so long as no motion to vacate the Confirmation Order has been filed. In the event a motion to vacate the Confirmation Order has been filed, or other action has been taken by a third party which creates potential that the settlement may be vacated, the Funding Date is the date of final resolution of the motion, *i.e.* thirty (30) days after the date of an order denying a

motion to vacate the Confirmation Order, or the close of any plenary period after a ruling on an appeal.

22. "Gross Settlement Amount" means the Gross Settlement Amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), to be paid by Defendant in full satisfaction of all Released Claims arising from the Action, which includes all Individual Settlement Payments to Participating Class Members, Employment Payroll Taxes, Attorneys' Fees and Costs to Class Counsel, the Class Representative Enhancement Payments to Named Plaintiff and the Class Representatives, and Settlement Administration Costs to the Settlement Administrator. This Gross Settlement Amount has been agreed to by Plaintiffs and Defendant based on the aggregation of the agreed-upon settlement value of individual claims. In no event will Defendant be liable for more than the Gross Settlement Amount. Any payment remaining from an un-cashed settlement check after one hundred and fifty (150) days will revert to Defendant, as defined below in Paragraphs 23, 24, 34, and 36. The Settlement Administrator will be responsible for forwarding all payroll taxes to the appropriate government authorities, which shall be paid from the Gross Settlement amount.

23. "Individual Settlement Payment" means each Settlement Class Member's respective share of the Net Settlement Amount.

24. "Net Settlement Amount" means the portion of the Gross Settlement Amount remaining after deducting the Attorneys' Fees and Costs, the Class Representative Enhancement Payments, Settlement Administration Costs, and employer payroll taxes. The Net Settlement Amount will be distributed to the Settlement Class Members. Any payment remaining from an un-cashed settlement check after one hundred and fifty (150) days will revert to Defendant.

25. "Notice Packet" means the Notice of Class Action Settlement (See Paragraph 43).

26. "Preliminary Approval Order" means the day on which the Court grants preliminary approval of the Settlement Agreement.

27. "Released Claims" means that any Class Member discharges all claims, rights, demands, liabilities and causes of action under the federal Fair Labor Standards Act (29 U.S.C. §

201-219 ("FLSA")) and Colorado Wage and Hour claims brought in the Lawsuit (CWA, C.R.S. 8-4-101, *et seq.*, and COMPS, 7 C.C.R. 1103-1) or which could have been brought in this Lawsuit during the Class Period.

28. "Released Parties" means Defendant, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its respective successors and predecessors in interest, subsidiaries, affiliates, parents, and attorneys, if any.

29. "Settlement Administration Costs" means the costs payable from the Gross Settlement Amount to the Settlement Administrator for administering this Settlement, including, but not limited to, printing, distributing, and tracking documents for this Settlement, tax reporting, distributing the Gross Settlement Amount, distributing tax documents to Participating Settlement Class Members if required, and providing necessary reports and declarations, as requested by the Parties. The Settlement Administration Costs shall not exceed Seventeen Thousand Forty-Two Dollars and No Cents ($17,042.00).

30. "Settlement Administrator" means Analytics Consulting, LLC. The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

31. "Workweeks" means the number of weeks in which each Settlement Class Member worked at least one shift.

### TERMS OF SETTLEMENT AGREEMENT

Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant agree as follows:

32. <u>Funding of the Gross Settlement Amount</u>. Defendant will make a one-time deposit of the Gross Settlement Amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) into a Qualified Settlement Account to be established by the Settlement Administrator. The Gross Settlement Amount will be used for: (i) Individual Settlement Payments; (ii) the Class Representative Enhancement Payments; (iii) Attorneys' Fees and Costs; (iv) Settlement

Administration Costs; and (v) the employer's share of payroll taxes. Defendant will deposit the Gross Settlement Amount on the Funding Date.

33. **Attorneys' Fees and Costs**. Defendant agrees not to oppose or impede any application or motion by Class Counsel for Attorneys' Fees and Costs of not more than Two Hundred and Seventy-Seven Thousand Nine Hundred Fifteen Dollars and Thirty-Eight Cents ($277,915.38) which will be paid from the Gross Settlement Amount. The Attorneys' Fees and Costs shall be paid at the time of issuance of the Individual Settlement Payments, and be treated as non-wage income, for which Defendant will issue a Form 1099 at the appropriate time. The Parties agree that the Court has discretion to award less than this amount, and that the failure of the Court to award this amount will not affect the enforceability of the settlement. Any amounts sought as Attorneys' Fees and Costs or service payments but not awarded will revert to Defendant.

34. **Class Representative Enhancement Payments**. In exchange for a general release, and in recognition of their effort and work in prosecuting the Action on behalf of Class Members, Defendant agrees not to oppose or impede any application or motion for a Class Representative Enhancement Payment of Seven Thousand Five Hundred Dollars ($7,500.00) for Named Plaintiff, a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Zink, a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Patzkowsky, and a payment of Two Thousand Five Hundred Dollars ($2,500.00) to Maes. The Class Representative Enhancement Payments will be paid from the Gross Settlement Amount and will be in addition to the Individual Settlement Payments. Named Plaintiff, Zink, Patzkowsky, and Maes, respectively, will be solely and legally responsible to pay any and all applicable taxes on the Class Representative Enhancement Payments.

35. **Settlement Administration Costs**. The Settlement Administrator will be paid for the reasonable costs of administration of the Settlement and distribution of payments from the Gross Settlement Amount. These costs will include, *inter alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS Forms, distributing Notice Packets, calculating and distributing the Gross Settlement Amount, and providing necessary

reports and declarations.

36. <u>Net Settlement Amount</u>. The entire Net Settlement Amount will be distributed to the Settlement Class Members. Any payment remaining from an un-cashed settlement check after one hundred and fifty (150) days will revert to Defendant.

37. <u>Individual Settlement Payment Calculations Settlement Class Members</u>. Individual Settlement Payments to Participating Settlement Class Members, Named Plaintiff, Zink, Patzkowsky, and Maes will be calculated and apportioned from the Net Settlement Amount based on the number of Workweeks each Participating Settlement Class Member, Named Plaintiff, Zink, Patzkowsky, and Maes worked during the Class Period. Specific calculations of Individual Settlement Payments will be made as follows:

37(a)  The Settlement Administrator will calculate the total number of Workweeks worked by each Participating Settlement Class Member during the Class Period and the aggregate total number of Workweeks worked by all Participating Settlement Class Members during the Class Period.

37(b)  To determine each Participating Settlement Class Member's estimated "Individual Settlement Payment," the Settlement Administrator will use the following formula: The Net Settlement Amount will be divided by the aggregate total number of Workweeks worked by the Participating Settlement Class Member, resulting in the "Workweek Value." Each Participating Settlement Class Member's "Individual Settlement Payment" will be calculated by multiplying each individual each Participating Settlement Class Member's total number of Workweeks by the Workweek Value.

37(c)  Any payment remaining from an un-cashed settlement check after one hundred and fifty (150) days will revert to Defendant.

38. <u>No Credit Toward Benefit Plans</u>. The Individual Settlement Payments made to

Participating Settlement Class Members under this Settlement, as well as any other payments made consistent with this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Participating Settlement Class Members may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Participating Settlement Class Members may be entitled under any benefit plans.

39. <u>Administration Process</u>. A settlement fund will be established with the Settlement Administrator, who will be responsible for mailing the Notice Packets referenced in Paragraph 43 and the settlement checks; researching and updating addresses through skip-traces and similar means; reporting on the status of the administration of the settlement to the Parties; resolving any settlement payment dispute, in concert with counsel for the Parties; preparing a declaration, if required by the Court, regarding its due diligence in the settlement administration process; providing the Parties with all necessary data; setting up, administering and making payments from the settlement fund; distributing settlement payments and withholding any required payroll taxes, along with any associated tax reporting, return and filing requirements; and performing such additional duties as the Parties may mutually direct. The administration costs will be paid from the Gross Settlement Amount as described in Paragraph 22 and shall include all costs necessary to administer the settlement. The actions of the settlement administrator shall be governed by the terms of the Settlement Agreement executed by the Parties. Defendant will provide the settlement administrator, for each Settlement Class Member, where available, the last known home address, Social Security number (the Social Security Number will be provided by Defendant's Counsel and Class Counsel will be in no way responsible for gathering Social Security Numbers for the Class List), and last known telephone number. The Settlement Administrator will calculate the Individual Settlement Payments.

40. <u>Delivery of the Settlement Class List</u>. Within twenty-one (21) calendar days of the date of the Preliminary Approval Order Date, Defendant will provide the Settlement Class List to

the Settlement Administrator.

41. <u>Notice by First-Class U.S. Mail</u>. Within fourteen (14) days from when Defendant provides the Settlement Class List to the Settlement Administrator, the Settlement Administrator will mail a Notice Packet to all Settlement Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

42. <u>Confirmation of Contact Information in the Class Lists</u>. Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes. Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Settlement Class Member involved, and will then perform a single re-mailing.

43. <u>Notice Packets</u>. All Settlement Class Members will be mailed a Notice Packet. Each Notice Packet will provide: (i) information regarding the nature of the Action; (ii) a summary of the Settlement's principal terms; (iii) the Settlement Class definition; (iv) each Settlement Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments; (v) the dates which comprise the Class Period; and (vi) the claims to be released.

44. <u>Releases by Participating Settlement Class members</u>. Upon the entry of the Confirmation Order, and except as to such rights or claims as may be created by this Settlement Agreement, each Participating Settlement Class Member, together and individually, on their behalf and on behalf of their respective spouses, heirs, executors, administrators, agents, and attorneys, shall fully and forever release and discharge all of the Released Parties, or any of them, from the Released Claims during the Class Period.

45. <u>Certification Reports Regarding Individual Settlement Payment Calculations</u>. The Settlement Administrator will provide Defendant's counsel and Class Counsel any updated reports regarding the administration of the Settlement Agreement as needed or requested.

46. <u>Distribution Timing of Individual Settlement Payments</u>. Within fourteen (14) days after the Funding Date, the Settlement Administrator will issue payments to: (i) Participating Settlement Class Members; (ii) Named Plaintiff; (iii) Zink; (iv) Patzkowsky; (v) Maes; and (vi) Class Counsel. The Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement.

47. <u>Un-cashed Settlement Checks</u>. Funds represented by Individual Settlement Payment checks returned as undeliverable and Individual Settlement Payment checks remaining un-cashed for more than one hundred and fifty (150) days with revert to Defendant.

48. <u>Certification of Completion</u>. Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to counsel for all Parties.

49. <u>Treatment of Individual Settlement Payments</u>. All Individual Settlement Payments to Class Members will be allocated as follows: (i) Twenty-seven (27%) of each Individual Settlement Payment will be allocated as wages for which IRS Forms W-2 will be issued; and (ii) Seventy-three (73%) will be allocated as alleged penalties, interest, and other non-wage recovery for which IRS Forms 1099-MISC will be issued.

50. <u>Administration of Taxes by the Settlement Administrator</u>. The Settlement Administrator will be responsible for issuing to Plaintiffs, Settlement Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement. The Settlement Administrator will also be responsible for forwarding all payroll taxes and penalties to the appropriate government authorities.

51. <u>Tax Liability</u>. Defendant makes no representation as to the tax treatment or legal effect of the payments called for by this Settlement Agreement, and Settlement Class Members are not relying on any statement, representation, or calculation by Defendant or by the Settlement

Administrator in this regard. Other than the withholding and reporting requirements in this Settlement Agreement, Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received under the settlement.

52. <u>Circular 230 Disclaimer</u>. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS

AGREEMENT.

53. <u>No Prior Assignments</u>. The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right in this Settlement Agreement released and discharged.

54. <u>Nullification of Settlement Agreement</u>. In the event that: (i) the Court does not finally approve and confirm the Settlement as provided in this Settlement Agreement; or (ii) the Settlement does not become final for any other reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null and void. Any order or judgment entered by the Court in furtherance of this Settlement Agreement will likewise be treated as void.

55. <u>Judgment and Continued Jurisdiction</u>. Following entry of the Confirmation Order, the Court will have continuing jurisdiction solely for purposes of addressing the interpretation and enforcement of the terms of the Settlement.

56. <u>Release by Named Plaintiff</u>. Upon the entry of the Confirmation Order, in addition to the claims being released by Participating Settlement Class Members, Named Plaintiff will release and forever discharge the Released Parties, to the fullest extent permitted by law, of and from any and all claims, known and unknown, asserted and not asserted, which Plaintiff has or may have had against the Released Parties as of the date of execution of this Settlement Agreement.

57. <u>Exhibits Incorporated by Reference</u>. The terms of this Settlement Agreement include the terms set out in any attached Exhibits, which are incorporated by this reference as though fully set out in this Settlement Agreement. Any Exhibits to this Settlement Agreement are an integral part of the Settlement.

58. <u>Entire Agreement</u>. This Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

59. <u>Amendment or Modification</u>. No amendment, change, or modification to this Settlement Agreement will be valid unless in writing and signed, either by the Parties or their

counsel.

60. <u>Authorization to Enter into Settlement Agreement</u>. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties consistent with this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance from the Judge overseeing the Action.

61. <u>Binding on Successors and Assigns</u>. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties to this Settlement Agreement, as previously defined.

62. <u>Colorado Law Governs</u>. All terms of this Settlement Agreement and Exhibits will be governed by and interpreted according to the laws of the State of Colorado.

63. <u>Execution and Counterparts</u>. This Settlement Agreement is subject only to the execution of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including electronic (e.g., DocuSign), facsimile, and scanned copies of the signature page, will be deemed to be one and the same instrument.

64. <u>Acknowledgement that the Settlement is Fair and Reasonable</u>. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this

Settlement.

65. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

66. <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; except, however, that either Party may appeal any court order that materially alters the Settlement Agreement's terms.

67. <u>Reservation of Rights</u>. By entering into this Agreement, Defendant does not concede the propriety of class certification or waive its right to renew its request for decertification in the event the settlement is not ultimately approved.

68. <u>Non-Admission of Liability</u>. The Parties enter into this Settlement to resolve the dispute that has arisen between them and to avoid the burden, expense, and risk of continued litigation. In entering into this Settlement, Defendant does not admit, and specifically denies, that it violated any federal, state, or local law; violated any regulations or guidelines promulgated under any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, will be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement, this Settlement Agreement and its terms and provisions will not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law. Furthermore, the Parties agree that a settlement does not constitute an adjudication of the merits of the Action, or any other matters released in the settlement. Accordingly, the Parties agree that none of them has prevailed on the merits, nor shall

the settlement serve or be construed as evidence that any party has so prevailed or that Defendant or the Released Parties have engaged in any wrongdoing, or that a collective action is appropriate for any purposes other than this settlement.

69. <u>No Public Comment</u>: The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount, or terms of the Settlement. The Parties further agree that all aspects of the Settlement shall remain confidential and not be disclosed to the media or public in any way, including any website or social media maintained by Class Counsel. This provision shall not apply to any facts or information that are publicly available in a Court record.

70. <u>Waiver</u>. No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

71. <u>Disputes Related to the Settlement Agreement and Enforcement Actions</u>. The Parties agree that if any disputes arise out of the finalization of the settlement documentation or of the settlement itself, those disputes are to be referred to the Judge overseeing the Action. In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

72. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this

Settlement Agreement.

73. Representation By Counsel. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the consent and advice of counsel. Further, Named Plaintiff and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

74. All Terms Subject to Final Court Approval. All amounts and procedures described in this Settlement Agreement are subject to final Court approval.

75. Cooperation and Execution of Necessary Documents. All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

76. Binding Agreement. The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

## SUMMARY OF TIMING

77. The below provisions summarize the timing of the approval and settlement administration process. To the extent these terms conflict with provisions elsewhere in the Settlement, the below provisions control.

(a) On or before November 28, 2022, Class Counsel will submit the Motion for Approval and all Exhibits to the Court.

(b) Within twenty-one (21) days of the Preliminary Approval Order Defendant will provide the Settlement Class List to the Settlement Administrator.

(c) Within fourteen (14) days from when Defendant provides the Settlement Class List to the Settlement Administrator, the Settlement Administrator will mail a Notice Packet to all Settlement Class Members via regular First-Class U.S.

        Mail, using the most current, known mailing addresses identified in the Class List.

(d) On the Funding Date, Defendant will deposit the Gross Settlement Amount with the Settlement Administrator.

(e) Class Counsel will email a copy of the Confirmation Order to the Settlement Administrator on the date it is entered.

(f) Within fourteen (14) days after the Funding Date, the Settlement Administrator will distribute Individual Settlement Payments to all Participating Settlement Class Members. The Settlement Administrator will also issue payments to Class Counsel, Class Representative Enhancement Payments, and to itself for costs of administration.

(g) Any payment remaining from an un-cashed settlement check after one hundred and fifty (150) days will revert to Defendant.

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF**

Dated: _____  _____
Jacqueline Kovacs

Dated: _____  _____
Allan Zink

Dated: _____  _____
Trevor Patzkowsky

Dated: _____  _____
Joey Maes

**DEFENDANT G4S SECURE SOLUTIONS (USA) INC.**

Dated: _____

_____
Kadian Blanson, VP, Managing Counsel of Litigation on behalf of G4S Secure Solutions (USA) Inc.

**ANALYTICS CONSULTING, LLC SETTLEMENT ADMINISTRATORS**

Dated: _____

_____

**APPROVED AS TO FORM**

**NILGES DRAHER LLC**

Dated: _____

By: _____

Jeffrey J. Moyle

Counsel for Plaintiffs

**MARTENSON, HASBROUCK & SIMON LLP**

Dated: _____

By: _____

Kelly E. Eisenlohr-Moul

Counsel for G4S Secure Solutions (USA) Inc.