UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**
Civil Action No. 20-cv-03180-RMR-MDB

**JACQUELINE KOVACS,** on behalf of herself
and all others similarly situated

    Plaintiff,

v.

**G4S SECURE SOLUTIONS (USA), INC.**

    Defendant.

---

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

---

Plaintiff Jacqueline Kovacs ("Plaintiff") and Defendant G4S Secure Solutions (USA) Inc. ("G4S"), respectfully submit this Joint Motion for Final Approval of a Class Action Settlement. Notice of the proposed settlement in this case has been sent to the class and this settlement is ripe for final approval. Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for September 26, 2023, the Court enter an Order:

1. Granting final approval of the Parties' settlement of the class action claims under Colorado state law brought pursuant to Fed. R. Civ. P. 23, as reflected in the Joint Stipulation of Collective/Class Action Settlement and Release (ECF # 77-2);

2. Granting final approval of a Service Award to Plaintiff in the amount of $7,500.00 and Service Awards to Opt-In Plaintiffs Allan Zink, Trevor Patzkowsky, and Joey Maes in the amount of $2,500 each; and

3. Dismissing this case with prejudice.

The reasons for this Motion are as follows:

**I.     RELEVANT FACTS**

As set forth in detail in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF # 77) and the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement (ECF # 79), Plaintiff filed this case on October 23, 2020 as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and a Rule 23 class action under the Colorado Wage Act ("CWA"), C.R.S. 8-4-101, *et seq.*, and the Colorado Overtime and Minimum Pay Standards Order #36 ("COMPS"), 7 C.C.R. 1103-1. After engaging in substantial litigation, including written discovery and depositions, the Parties mediated and reached an agreement to settle this case. (*See* ECF # 77 at pp. 1-3).

The Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement on November 28, 2022. On June 21, 2023, the Court preliminarily approved the Settlement, set a fairness hearing for September 26, 2023, approved the notice of settlement to the Class, and directed the Parties to send notice to Class Members informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. (ECF # 79).

The Parties engaged Analytics Consulting, LLC as the Settlement Administrator. (*See* Declaration of Jeffrey J. Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 1, at ¶ 5). Analytics was provided with a list that contained the names and last-known mailing addresses for 1,933 class members. (*Id.* at ¶ 6). On July 26, 2023, Analytics mailed by first-class mail the Court-approved "Notice of Class Action Settlement" to the Class Members. (*Id.* at ¶ 7). As of August 31, 2023, a total of 169 notices were returned as undeliverable. Analytics was able to trace and re-mail notices to 57 of those class members. (*Id.* at ¶ 8).

The Notices gave Class Members until September 9, 2023 to object to or opt out of the Settlement. As of September 5, 2023, two requests for exclusion has been received and no

objections have been received (*Id.* at ¶¶ 9-10). At the Fairness Hearing, the Parties will advise the Court if any additional objections or opt-out requests are received. No objections are presently anticipated. Having completed the notice process, the Parties now move this Court for final approval of the settlement.

## II.   LAW AND ARGUMENT

### A.   Standard for Final Approval of Class Settlements.

When considering whether to give final approval of a class action settlement, the Court must determine whether the settlement was fair, reasonable, and adequate. *Murray v. Tips, Inc.*, Civil Action No. 18-cv-00937-RM-KLM, 2020 U.S. Dist. LEXIS 184390, at *2 (D. Colo. Oct. 5, 2020). In making this determination, the Court must consider:

(1)   whether the proposed settlement was fairly and honestly negotiated;

(2)   whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3)   whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4)   the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

There is a presumption in favor of voluntary settlements, which "is especially strong in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Shahlai v. Comcast Cable Communs. Mgmt., LLC*, Civil Action No. 16-cv-2556-WJM-NRN, 2020 U.S. Dist. LEXIS 115874, at *7-8 (D. Colo. July 1, 2020) (quoting *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010)). In light of this presumption in favor of voluntary settlements, and as set forth in more detail below, all of the factors favor final approval of this settlement.

### 1. The Proposed Settlement Was Fairly And Honestly Negotiated

"A settlement is likely to be found to be the result of non-collusive, arms-length negotiations if it is preceded by a lengthy period of adversarial litigation and substantial discovery and the settlement is the result of negotiation before a third-party mediator." *German v. Holtzman Enters.*, Civil Action No. 19-cv-03540-PAB-STV, 2023 U.S. Dist. LEXIS 89151, at *24 (D. Colo. May 22, 2023).

As set forth in the Parties' Joint Motion for Preliminary Approval, the Parties engaged in substantial discovery prior to settling this case, including written discovery and the depositions of Plaintiff and three additional opt-in Plaintiffs. Moreover, the Parties were unable to resolve this case at mediation with Mediator Michael Dickstein, and only reached an agreement to settle the case after continued negotiations between the Parties facilitated by Mr. Dickstein following mediation. (*See* ECF # 77 at p. 2, 10).

Through the exchange of information, each Party possessed ample information to fully evaluate the strengths and weaknesses of their claims and defenses, as well as the fairness of the Settlement Agreement. The Parties' counsel rigorously negotiated the settlement terms, such that there can be no doubt that the settlement was honestly and fairly negotiated, and not the product of collusion.

### 2. Serious Questions Of Law And Fact Exist.

The complexity, expense, and likely duration of this litigation also weighs heavily in favor of the Court finding that the settlement is adequate, fair and reasonable. To litigate this case through trial would expose each of the Parties to significant risks. Plaintiff believes that her claims are strong but recognizes that success is not guaranteed. Likewise, Defendant is confident in its position that it properly compensated class members. By settling this case, both sides mitigate their

potential risks and achieve finality without the inherent risks of continued litigation, trial, and likely appeals.

Even aside from the risks associated with determining liability, significant risks exist as to the amount of possible damages. Moreover, the Parties dispute whether the three-year limitations period applies, or whether the two-year period for non-willful violations would be applicable in this matter. Defendant also contends that its actions were at all times taken in good faith, negating the FLSA's liquidated damages provision. Because there are several important questions of law and fact regarding liability and damages that remain unresolved, the second factor weighs in favor of approval of the Settlement.

### 3. The Value Of Immediate Recovery Outweighs The Possibility Of Any Future Relief.

Given the size of the putative class and complexity of the issues, if this case is not settled then the parties will engage in significant additional discovery, including depositions of numerous Opt-In Plaintiffs and individual employees of Defendant. The Parties would also have to engage in extensive motion practice, including motions for class certification and summary judgment. If this case were to proceed to trial, it would likely be lengthy and involve the testimony of many fact and expert witnesses. Thereafter, any final judgment could be appealed, thereby extending the duration of the litigation.

Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendant. Consequently, "[g]iven the risks and costs of protracted litigation and uncertainty surrounding class members' ability to recover," the Court should find "that the immediate recovery provided for in the parties' settlement agreement outweighs the possibility of greater future relief." *Kennedy v. Mountainside Pizza, Inc.*, Civil Action No. 19-cv-01199-CMA-STV, 2021 U.S. Dist. LEXIS 237414, at *15 (D. Colo. Dec. 13, 2021).

### 4. Counsel Believe The Settlement Is Fair And Reasonable

Counsel for both sides fully support the Settlement Agreement, and "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695 (D. Colo. 2006). Plaintiff's Counsel, who is representing the interests of the class members, believes that this settlement is in the class members' best interest, given the uncertainty of continued litigation, and represents a substantial recovery of the alleged unpaid wages. This conclusion was reached not only on subjective factors, such as Plaintiff's Counsel's experience in wage and hour litigation, but also on objective factors, including a mathematical expected value calculation that takes into consideration compounded probabilities of risk of loss and potential damages outcomes. (*See* ECF # 77 at p. 3).

It should also be noted that out of 1,933 class members, not a single person objected to this settlement, and only two people decided to opt-out of the settlement. "Class members' apparently positive response to the settlement is further evidence that it is fair, adequate, and reasonable." *Kennedy v. Mountainside Pizza, Inc.*, Civil Action No. 19-cv-01199-CMA-STV, 2021 U.S. Dist. LEXIS 237414, at *16 (D. Colo. Dec. 13, 2021). Thus, Counsel can confidently say that they believe this settlement is fair and reasonable, and should be given final approval.

### B. The Service Payments Provided For By The Settlement Should Be Approved.

The Settlement provides for a service payment to Plaintiff in the amount of $7,500, and service payments to Allan Zink, Trevor Patzkowsky, and Joey Maes in the amount of $2,500 each, as each were early Opt-In Plaintiffs, were deposed, and had to respond to written discovery. As this Court noted, "these sums are within the range of incentive awards that have been deemed reasonable[.]" (ECF # 79 at p. 13-14). Given that no class members have objected to these reasonable service payments, the Court should grant final approval of them.

### III. CONCLUSION

The Settlement is fair, adequate, and reasonable. It will result in considerable payments to Class Members; it is non-collusive; and it was achieved as the result of informed, extensive, and arm's length negotiations conducted by counsel for the respective Parties who are experienced in wage and hour class action litigation and through the assistance of an equally experienced mediator. Accordingly, the Parties respectfully request that the Court enter an Order granting final approval of the settlement, and dismissing this case with prejudice.

Respectfully submitted this 5th day of September 2023,

| | |
|---|---|
| */s/ Jeffrey J. Moyle* | */s/ Kelly Eisenlohr-Moul (with consent)* |
| Jeffrey J. Moyle | Kelly Eisenlohr-Moul (*Pro Hac Vice*) |
| Nilges Draher LLC | Martenson, Hasbrouck & Simon LLP |
| 1360 E. 9th Street, Ste. 808 | 2573 Apple Valley Road, NE |
| Cleveland, OH 44113 | Atlanta, Georgia 30319 |
| Telephone: (330) 470-4428 | Telephone: (470) 300-5337 |
| jmoyle@ohlaborlaw.com | keisenlohr-moul@martensonlaw.com |
| *Counsel for Plaintiff* | *Counsel For Defendant* |

### CERTIFICATE OF SERVICE

I certify that on this 5th day of September 2023, I electronically filed the foregoing using this Court's CM/ECF system, which will automatically notify all parties or counsel of record.

*/s/ Jeffrey J. Moyle*
One of the Attorneys for Plaintiff