UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**
Civil Action No. 20-cv-03180-RMR-MDB

**JACQUELINE KOVACS,** on behalf of herself
and all others similarly situated

    Plaintiff,

v.

**G4S SECURE SOLUTIONS (USA), INC.**

    Defendant.

---

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
PURSUANT TO FED. R. CIV. P. 23(e)**

---

Plaintiff Jacqueline Kovacs ("Representative Plaintiff"), on behalf of herself and the members of the proposed settlement class ("Class Members"), and G4S Secure Solutions (USA), Inc. ("G4S" or "Defendant"), have moved the Court (ECF 80) for final approval of the Class Action Settlement Agreement ("Agreement") pursuant to Fed. R. Civ. P. 23(e). Representative Plaintiff has also filed an unopposed motion to approve the award of attorneys' fees and costs provided for in the Agreement. (ECF 81). This Court granted preliminary approval of the Settlement Agreement on June 21, 2023, and a Fairness Hearing was held on October 5, 2023.

Having reviewed the Agreement, as well as the Parties' Joint Motion for Final Approval, the Declaration appended thereto, Plaintiff's Unopposed Motion for Approval of Attorneys' Fee Award, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby finds as follows:

    1.    On October 23, 2020, Representative Plaintiff filed this Class and Collective Action Complaint on behalf of herself and others similarly situated. In her Complaint, Representative

Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and a Rule 23 class action under the Colorado Wage Act ("CWA"), C.R.S. 8-4-101, et seq., and the Colorado Overtime and Minimum Pay Standards Order #36 ("COMPS"), 7 C.C.R. 1103-1 by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime.

2. In its Answer to Representative Plaintiff's Complaint, Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses to same.

3. The Parties engaged in arms-length settlement negotiations with a well-respected mediator that were informed by a damages analysis and a statistical expected valuation analysis. The settlement negotiations culminated in a proposed agreement to settle the case on a class-wide basis.

4. The Parties jointly moved this Court for preliminary approval of the Agreement on November 28, 2022. This Court granted preliminary approval of the Agreement on June 21, 2023, and ordered that Notice of Class Action Settlement be distributed to the members of the class.

5. The Parties have filed a Declaration from the Settlement Administrator verifying that notices were distributed in the form and manner approved by the Court. Four out of 1,933 prospective class members have been excluded from the class. No objections to the Agreement have been filed with this Court.

6. The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Fed. R. Civ. P. 23 and due process.

7. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Class in that she is a member of the Class and possesses the same interests and suffered the same injuries as the other Class members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

8. The Court finds that the amount of attorneys' fees and costs to be paid to Representative Plaintiff's attorneys from the settlement is reasonable.

9. The Court finds that the service awards to be paid to Representative Plaintiff and opt-in Plaintiffs Allan Zink, Trevor Patzkowsky, and Joey Maes from the settlement are reasonable.

Accordingly, for these reasons, the Joint Motion for Final Approval of Class Action Settlement, ECF 80, is GRANTED. Plaintiff's Unopposed Motion for Approval of Attorneys' Fee Award, ECF 81, is GRANTED. It is ORDERED that:

1. The Settlement Agreement is approved and shall be implemented according to its terms and conditions.

2. The Court approves the payment of attorneys' fees and costs, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement.

3. The Court approves the Service Award to Representative Plaintiff and opt-in Plaintiffs Allan Zink, Trevor Patzkowsky, and Joey Maes, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

4. Representative Plaintiff and the Class Members release claims against Defendant as provided for in the Settlement Agreement.

5. The Court dismisses this action with prejudice. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

DATED: October 5, 2023.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge